IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, ) ) ) PLAINTIFF, ) ) v. ) ) ) UNIFIED SCHOOL DISTRICT 245 ) LEROY-GRIDLEY, ) ) DEFENDANT. ) | No.   2:18-cv-2398 JURY DEMAND |

## COMPLAINT

### NATURE OF THE ACTION

1. This is an action under the Equal Pay Act of 1963 (EPA), 52 Stat. 1062, as amended, 29 U.S.C. § 206(d) *et seq*. As alleged with greater particularity below, Unified School District LeRoy-Gridley illegally paid Julie Rosenquist less than it paid men for doing a job with the same required skill, effort, responsibility, and working conditions.

### JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.

3. This action is authorized and instituted pursuant to 29 U.S.C. §§ 216-217, to enforce the EPA's substantive provision prohibiting unequal pay on the basis of sex, 29 U.S.C. §§ 206(d), 215(a)(2).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(1)-(2) because the Defendant is located in the jurisdiction of the United States District Court for the District of Kansas and because a substantial portion of the employment practices alleged to be unlawful were committed within this jurisdiction.

## PARTIES

5. Plaintiff Equal Employment Opportunity Commission is the agency of the United States charged with the enforcement of the Equal Pay Act and is authorized to bring this action pursuant to 29 U.S.C. §§ 216-217, as amended by Reorganization Plan No. 1 of 1978, 43 F.R. 19807, 92 Stat. 3781, 5 U.S.C. App. § 1 (Supp. 2014), p. 230, ratified by Pub. L. 98-532, § 1, 98 Stat. 2705 (1984).

6. Defendant Unified School District 245 LeRoy-Gridley (School District) is a political subdivision of Kansas, is located in Coffey County, and is duly organized and existing pursuant to Article 6, § 5 of the Constitution of the State of Kansas and K.S.A. 72-514, *et seq*.

7. At all relevant times, the School District was an employer, within the meaning of 29 U.S.C. § 203(d), employing approximately 50 employees, within the meaning of 29 U.S.C. § 203(e)(2)(C).

## ADMINISTRATIVE PROCEDURES

8. On June 21, 2017, Julie D. Rosenquist filed a charge of discrimination with the Commission against the School District.

9. On August 3, 2018, following the Commission's investigation, the Director of the Kansas City Area Office issued a Letter of Determination finding reasonable cause to believe that the School District violated the EPA.

**STATEMENT OF FACTS**

**A.     Rosenquist.**

10.     Julie Rosenquist first began teaching after graduating from college with a Bachelor of Science in English Education in 1999.

11.     Rosenquist began teaching English for the School District at Southern Coffey County Middle School in 2013.

12.     Although the job was not advertised (and as such, Rosenquist had not formally applied), Rosenquist was offered and accepted the job as Principal of both Gridley Elementary and USD 245's Southern Coffey County Middle School (Principal) during a School District Board of Education (Board) special meeting on Saturday, May 16, 2015.

13.     Rosenquist had taught for eleven years (2000-2009; 2013-15) before being hired as Principal.

14.     Rosenquist had also earned a Master of Education Administration degree in 2008.

15.     A true and accurate copy of the May 2015 Rosenquist-Board contract (approved by the Board on May 16, 2015) is attached as Exhibit A.

16.     Pursuant to the Rosenquist-Board contract, Rosenquist was paid a "Annual Admin Salary" (base salary) of $45,000 per year. Ex. A, at 2.

17.     Pursuant to the Rosenquist-Board contract, Rosenquist had thirteen enumerated but non-exclusive duties as Principal:

- To supervise classroom work and rating of the teachers.
- To attend and supervise school activities (in conjunction with Superintendent and Athletic Director).
- To check lesson plans.

- To arrange faculty meetings and have private conferences with teachers and students.
- To make yearly calendar of events and assign teachers extracurricular duties.
- To make and file all reports required by the Board, Superintendent and State,
- To keep inventories of school equipment and make monthly reports of all funds to the Sup[erintenden]t.
- To supervise discipline among students and to study causes of failure and offer solutions.
- To check absences and tardiness.
- To [s]upervise teachers, janitors, secretaries, cooks and aides.
- To attend regular meetings with the Superintendent.
- To know about new trends in education and discuss these with the Superintendent.
- To present programs and suggestions for the enrichment of the curriculum.

Ex. A, at 1.

**B.      Rosenquist's Male Predecessor – Mildward.**

18.     Rosenquist replaced Russ Mildward (male) who had served as Principal from 2014-2015 and was hired by the Board to be the School District Superintendent.

19.     A true and accurate copy of the Mildward-Board contract (approved by the Board on July 14, 2014) is attached as Exhibit B.

20.     Pursuant to the Mildward-Board contract, Mildward was paid a base salary of $50,000 per year. Ex. B, at 2.

21. Pursuant to the Mildward-Board contract, Mildward had the same thirteen enumerated but non-exclusive duties as Principal as Rosenquist (see *supra* ¶ 17; Ex. A, at 1). Ex. B, at 1.

22. Difference in supplemental duties (e.g., coaching, etc.) accounted for additional salary differential that had no impact on base salary. Ex. A, at 2; Ex. B, at 2.

23. The core job of Principal for which Mildward and Rosenquist were paid their base salary "require[d] equal skill, effort, and responsibility, and [were] performed under similar working conditions." 29 U.S.C. § 206(d)(1).

24. Rosenquist was as qualified for the job as Principal, in education, experience, and knowledge, as Mildward.

**C.     Rosenquist's 2016 complaint, new contract, and subsequent contract non-renewal.**

25. In March or April 2016, after almost a year as Principal and after learning that her predecessor Mildward earned a base salary of $50,000.00, Rosenquist went to Mildward, who was now Superintendent, and complained that she was being paid less.

26. On June 13, 2016, the Board, pursuant to Mildward's recommendation (after Rosenquist's complaint but without any further discussion with Rosenquist beyond her complaint in March or April), raised her base salary by $1,500.00 to $46,500.00.

27. A true and accurate copy of the June 2016 Rosenquist-Board contract is attached as Exhibit C.

28. The June 2016 Rosenquist-Board contract, had the same thirteen enumerated but non-exclusive duties as Principal as the 2015 Rosenquist-Board contract (see *supra* ¶ 17; Ex. A, at 1) and the Mildward-Board contract (Ex. B, at 1). Ex. C, at 1.

29. In February 2017, the Board met with Rosenquist and informed her that it did not plan to renew her contract, saying it was "going in a new direction." It did not, however, take a vote on the issue, tabling it until the next meeting.

30. In response to the Board signaling its intent to not renew Rosenquist's contract in February 2017, one hundred thirty-two people (in a school district with approximately 1,800 residents) signed a petition to the Board and fourteen sent letters of support asking it to reconsider.

31. At the next regular Board meeting in March 2017, the Board reversed itself and voted to renew Rosenquist's contract for one year, but did not execute a renewed contract.

32. The Board did not execute a renewed contract at either the regular Board meeting in April 2017 or the regular Board meeting in May 2017.

33. Finally, in late May 2017, the Board, meeting in special session, voted to not renew her contract.

**D.  Rosenquist's Male Successor – Applegate.**

34. In June 2017, the Board approved the contract for Rosenquist's successor, Jay Applegate (male), whose immediately preceding job, from 2015-2017, was as Head High School Basketball Coach for Unified School District 257 Iola, Kansas.

35. A true and accurate copy of the Applegate-Board contract (approved by the Board on June 12, 2017) is attached as Exhibit D.

36. Pursuant to the Applegate-Board contract, Applegate was paid a base salary of $50,000 per year. Ex. D, at 2.

37. Pursuant to the Applegate-Board contract, Applegate had the same thirteen enumerated but non-exclusive duties as Principal as Rosenquist and Mildward (*see supra* ¶ 17; Ex. A, at 1; Ex B, at 1; Ex. C, at 1). Ex. D, at 1.

38. Difference in supplemental duties (e.g., coaching) accounted for additional salary differential that had no impact on base salary. Ex. A, at 2; Ex. B, at 2; Ex. C, at 2; Ex. D, at 2.

39. The core job of Principal for which Applegate, Mildward, and Rosenquist were paid their base salary "require[d] equal skill, effort, and responsibility, and [were] performed under similar working conditions." 29 U.S.C. § 206(d)(1).

40. Rosenquist was more qualified for the job as Principal, in education, experience, and knowledge, than Applegate.

**E.  Backpay and Rosenquist's EEOC Complaint.**

41. As a direct and proximate result of the School District's violation of 29 U.S.C. §§ 206(d), 215(a)(2), Rosenquist is owed $8,375.00 backpay for the two years she was illegally paid less than men.

  a. Rosenquist was on a ten-month work calendar and twelve-month pay schedule.

  b. Rosenquist worked and was paid at a rate $5,000.00 less per year than men (i.e., Mildward and Applegate) from August 2015 until June 2016, when she complained to Mildward and the Board voted (in June 2016) to increase her salary by $1,500.00. For this she is owed $4,583.33 backpay for this period.

  c. For the remaining thirteen months Rosenquist worked as Principal, until her contract was not renewed, Rosenquist continued to earn $3,500.00 less per year than men. For this she is owed $3,791.67 backpay for this period.

42. Because Rosenquist earned only 90% of what both her male predecessor and male successor earned as a base salary in year one (2015-2016) and 93% of what both her male predecessor and male successor earned in year two (2016-2017), she filed a charge of discrimination with the Commission on June 21, 2017.

## STATEMENT OF CLAIM

(EPA Unequal Pay – Rosenquist)

43. Plaintiff repeats, re-alleges, and incorporates by reference the allegations in the foregoing paragraphs of this Complaint as fully set forth herein.

44. The School District's acts or omissions resulting in unfairly paying Rosenquist less base salary than Mildward and Applegate (men), for the same job with the same required skill, effort, and responsibility, violated 29 U.S.C. §§ 206(d), 215(a)(2).

45. The School District's unlawful actions were willful.

46. The School District's acts or omissions resulting in its paying Rosenquist less base salary than it paid Mildward and Applegate (men), were neither in good faith nor did it have reasonable grounds for believing that its acts or omissions were not a violation of the EPA.

47. As a direct and proximate result of the School District's violation of 29 U.S.C. §§ 206(d), 215(a)(2), Rosenquist suffered damages.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the School District violated 29 U.S.C. §§ 206(d), 215(a)(2) when it discriminated against Rosenquist by paying her a base salary less than the base salary it pays male employees for a job that require substantially equal skill, effort, and responsibility, and are performed under similar working conditions;

B. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the School District violation of 29 U.S.C. §§ 206(d), 215(a)(2) was willful.

C. Enter declaratory judgment pursuant to 28 U.S.C. § 2201(a) that the School District's acts or omissions giving rise to its violation of 29 U.S.C. §§ 206(d), 215(a)(2) were not in good faith nor did the School District have reasonable grounds for believing that its acts or omissions were not a violation of the EPA/ Fair Labor Standards Act of 1938 (FLSA), as amended, 29 U.S.C. 201 *et seq;*

D. Grant judgment requiring the School District to pay Rosenquist three years of back pay (from the date this action was filed) and an equal amount as liquidated damages, pursuant to 29 U.S.C. § 216 for its violation of 29 U.S.C. §§ 206(d), 215(a)(2);

E. Issue a permanent injunction, pursuant to 29 U.S.C. § 217, prohibiting the School District, its board members, administrators, officers, agents, servants, employees, attorneys, and all persons in active concert or participation with them, from paying women less than men for jobs that require substantially equal skill, effort, and responsibility, and are performed under similar working conditions in violation of 29 U.S.C. §§ 206(d), 215(a)(2);

F. Grant such other and further relief as this Court deems necessary and proper in the public interest; and

G. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial in Kansas City, pursuant to D. Kan. Rule 40.2, on all questions of fact raised by its complaint.

Respectfully submitted,

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

/s/ Andrea G. Baran
ANDREA G. BARAN, #46520MO
Regional Attorney
Email: andrea.baran@eeoc.gov

/s/ C. Felix Miller
C. FELIX MILLER, #28309MO
Supervisory Trial Attorney
Email: felix.miller@eeoc.gov

/s/ Grant R. Doty
GRANT R. DOTY, D. Kan. Bar # 78568
Senior Trial Attorney
EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
St. Louis District Office
1222 Spruce St., Room 8.100
St. Louis, MO 63103
Phone: (314) 539-7918
Fax. (314) 539-7895
Email: grant.doty@eeoc.gov