IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 18-2398-DDC-TJJ ) ) |
| UNIFIED SCHOOL DISTRICT 245 LEROY-GRIDLEY, | ) ) ) |
| Defendant. | ) ) |

## CONSENT DECREE

*I.     Recitals.*

1. Plaintiff Equal Employment Opportunity Commission brought this employment discrimination action under the Equal Pay Act of 1963 (EPA), 52 Stat. 1062, as amended, 29 U.S.C. § 206(d) et seq., alleging that Defendant Unified School District 245 LeRoy-Gridley (School District) illegally paid Julie Rosenquist less than it paid men for doing a job with the same required skill, effort, responsibility, and working conditions.

2. The Commission and the School District, having negotiated in good faith and with a desire to resolve the instant controversy without the further expense, delay, and burden of litigation, have jointly proposed this Consent Decree.

## II. *Findings.*

3. Having carefully examined the terms and provisions of this Decree and based on the pleadings, record, and stipulations of the parties, this Court finds:

    a. **Jurisdiction**. This Court has jurisdiction over the Parties and the subject matter of this action.

    b. **Fairness**. The terms of this Decree are a fair and equitable settlement of the lawsuit. Additionally, the requirements of EPA will be carried out and the public interest served by entry and enforcement of this Decree.

    c. **Scope**. This Decree is intended to and does resolve all matters in controversy in this lawsuit between the Parties.

**IT IS THEREFORE ORDERED, ADJUDGED, AND DECREED THAT**

## III. *General Provisions.*

4. **Applicability**. The terms of this Decree shall be binding upon the School District, its board members, agents, and employees.

5. **Duration**. This Decree will be in effect until the conclusion of the 2020-2021 school year.

6. **Continued Jurisdiction**. During the Decree's term this Court shall retain jurisdiction of this case for purposes of its enforcement.

## IV. *Equitable Relief.*

### A. Non-discrimination.

7. In all matters arising from or relating to employment, Unified School District 245 LeRoy-Gridley is enjoined from engaging in any employment practice which unlawfully pays employees of one sex less than employees of the opposite sex for performing substantially equal

work unless the wage disparity is justified by one of the following reasons: (1) a seniority system; (2) a merit system; (3) a pay system based on quality or quality of output; or (4) a disparity based on any factor other than sex. See 29 U.S.C. §206(d)(1).

**B. Policies.**

8. Within sixty (60) days of entry of this Decree, the School District shall revise its current policies or implement new policies to, at a minimum, do the following:

   a. Prohibit pay inequity of employees of different genders for performing substantially equal work unless the wage disparity is justified by one of the following reasons: (1) a seniority system; (2) a merit system; (3) a pay system based on quality or quality of output; or (4) a disparity based on any factor other than sex. See 29 U.S.C. §206(d)(1).

   b. Mandate the reporting, collection, and centralized maintenance of annual wage/salary data by sex for all full-time employees for each school year, through the end of the 2020-2021 school year. Data must include employee name, sex, position, school/office, date hired, and starting wage/salary, and current wage/salary.

   c. Require the School Board to report to the Commission an annual analysis of the wage data for each school year, through the end of the 2020-2012 school year to ensure employees are paid in compliance with the EPA.

9. Within sixty (60) days of entry of this Decree, the School District shall provide a copy of the revised or new policies, to all employees of the School District.

3

10. Within ninety (90) days of entry of this Decree, the School District shall provide a signed certification of compliance with this policy requirement (¶ 8), including copies of the revised or new policies (*id.*), and certification that all employees have received a copy of the new policies (¶ 9), to the person listed in ¶ 20 of this Decree.

### C. Training.

11. Within one-hundred eighty (180) days of entry of this Decree, and again annually for the duration of the decree, the School District shall provide one hour of training to each employee and each member of the Board of Education concerning the requirements of the Equal Pay Act, how it applies to employees of the School District, and how employees should report concerns about potential violations of the Equal Pay Act or the School District's policies described in ¶ 8 of this Decree.

12. Within sixty (60) days of each year's training, the School District shall provide a signed certification of compliance with this training requirement, including copies of all materials and exhibits used in the training, the name and qualifications of the trainer(s), a list of persons receiving the training, and a list of any person who was not trained with an explanation of how they will receive make-up training to the person listed in ¶ 20 of this Decree.

### D. Notice.

13. Within ninety (90) days of entry of this Decree, the School Board President shall sign the Notice attached as Exhibit A, and the School District shall post copies of the signed notice in each School District facility in locations that are accessible to all employees and job applicants.

14. The School District shall provide a signed certification of compliance with this notice requirement, including the number and location of each posting (identifying both the facility and the location within the facility) to the person listed in ¶ 20 of this Decree.

### V. *Relief with Respect to Rosenquist.*

15. **Monetary Relief**. Within fifteen (15) days of entry of this Decree, the School District shall pay Julie Rosenquist the amount of Eleven Thousand Two Hundred Fifty Dollars ($11,250.00) as follows:

   a. Of that total amount, Seven Thousand Five Hundred Dollars ($7,500.00) shall be considered lost wages. This amount shall be reflected on an IRS Form W-2 produced by the School District for Rosenquist. The School District shall be responsible for paying its share of the payroll taxes on this amount including all FICA and FUTA taxes, and, in accordance with Rosenquist's most recent IRS Form W-4 on file with the School District, withhold applicable payroll taxes owed by Rosenquist.

   b. The remaining Three Thousand Seven Hundred Fifty Dollars ($3,750.00) shall be considered liquidated damages and shall be reflected on an IRS Form 1099 produced by the School District's Insurer for Rosenquist.

16. The School District shall not condition receipt of monetary relief by Julie Rosenquist on her agreement to: (a) maintain as confidential the facts and/or allegations underlying this case or the terms of this Decree; (b) waive her statutory right to file a charge with any governmental agency; (c) refrain from applying for employment with the School District; (d) agree to a non-disparagement agreement; (e) execute a general release of all claims; or (f) any other terms or conditions not explicitly stated in this Decree.

17. In the event of non-payment, it is acknowledged that this judgment is a debt owed to and collectible by the EEOC or its proxy, notwithstanding that Julie Rosenquist is the ultimate beneficiary of this relief.

18. **References.** If the School District (including any former, present, or future School Board member) receives a request for a reference about Julie Rosenquist, the School District will provide only a positive or neutral reference to include her dates of employment and positions held while employed by the School District. The School District shall maintain, during the term of this Decree, a log of all reference requests received by the School District or members of the School Board, including the name of the person or entity making the request, date of request, the name of the person providing the response, and the date of the response, and shall make that log available to the EEOC upon request.

### VI. *Reporting, Monitoring, and Other Provisions.*

19. No later than July 31, 2019, and annually thereafter during the term of this Decree (July 31, 2020 and July 31, 2021), the School District shall provide a signed certification that the data reporting, collection, and maintenance described in ¶ 8(b) of this Decree and the analysis described in ¶ 8(c) of this Decree was completed for the just completed school year, including a copy of the data collected and maintained and the analysis performed, to the person listed in ¶ 20 of this Decree.

20. All certifications, notices, reports and other materials required to be submitted to the Commission under this Decree shall be emailed to: EEOC-SLDO-decree-monitoring@eeoc.gov and mailed to Andrea G. Baran, Regional Attorney; U.S. Equal Employment Opportunity Commission, St. Louis District Office; 1222 Spruce Street, Room 8.100; St. Louis, MO 63103 (or her successor).

21. Each party will bear its own costs and attorneys' fees.

**IT IS SO ORDERED.**

**Dated this 16th day of May, 2019, at Kansas City, Kansas.**

>  s/ Daniel D. Crabtree
>  **Daniel D. Crabtree**
>  **United States District Judge**

| FOR PLAINTIFF EQUAL EMPLOYMENT OPPORTUNITY COMMISSION | FOR DEFENDANT SCHOOL DISTRICT |
|---|---|
| BY: /s/ Andrea G. Baran<br>ANDREA G. BARAN, MO 46520<br>Regional Attorney | BY: /s/ Russ Mildward<br>Russ Mildward<br>Superntendant |
| C. FELIX MILLER, MO 28309<br>Supervisory Trial Attorney | |
| /s/ Grant R. Doty<br>GRANT R. DOTY, MO 60788<br>Senior Trial Attorney<br>Equal Employment Opportunity Commission<br>St. Louis District Office<br>1222 Spruce St., Room 8.100<br>St. Louis, MO 63103<br>Phone: (314) 539-7918<br>Email: grant.doty@eeoc.gov | /s/ Terrelle A. Mock<br>TERELLE A. MOCK<br>FISHER, PATTERSON, SAYLER & SMITH, LLP<br>3550 S.W. 5th Street Topeka, Kansas 66606<br>Office: (785) 232-7761<br>Fax: (785) 232-6604<br>Email: tmock@fisherpatterson.com |

**NOTICE TO ALL UNIFIED SCHOOL DISTRICT 245 LEROY-GRIDLEY EMPLOYEES**

The Equal Pay Act (EPA), a federal law, states that the School District cannot pay employees of one sex less than employees of the opposite sex for jobs with the same required skill, effort, responsibility, and working conditions. See 29 U.S.C. § 206(d)(1).

**UNITED SCHOOL DISTRICT 245 LEROY-GRIDLEY WILL NOT PAY ANY EMPLOYEE LESS THAN AN EMPLOYEE OF THE OPPOSITE SEX PERFORMING SUBSTANTIALLY EQUAL WORK UNLESS THE WAGE DISPARITY IS JUSTIFIED BY ONE OF THE FOLLOWING REASONS AUTHORIZED BY LAW: (1) A SENIORITY SYSTEM; (2) A MERIT SYSTEM; (3) A PAY SYSTEM BASED ON QUALITY OR QUALITY OF OUTPUT; OR (4) A DISPARITY BASED ON ANY FACTOR OTHER THAN SEX.**

Pursuant to a Court Order, the School District has implemented revised polices to ensure compliance with the EPA including:

a. Mandating the reporting, collection, and centralized maintenance of employee wage/salary data by sex through the end of the 2020-2021 school year. Data must include employee name, sex, position, school/office, date hired, and starting wage/salary, and current wage/salary.

b. Requiring an annual analysis by the School Board of the wage data to ensure employees are paid in compliance with the EPA through the end of the 2020-2021 school year.

The Court Order also requires that this data and analysis be reported to the U.S. Equal Employment Opportunity Commission (EEOC) through the end of the 2020-2021 school year.

Employees and job applicants and employees should report possible discrimination to any supervisor or other management employee in the School District or to the Equal Employment Opportunity Commission, (314) 539-7910, 1222 Spruce Street, Room 8.100, St. Louis, MO 63103, Attn: Regional Attorney. For more information about unlawful discrimination, harassment or retaliation and how to file a report with the EEOC go to www.eeoc.gov.

Date: _____, 2019        _____
                                    <Insert Name> , School Board President